# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| R. L. Mlazgar Associates, Inc., | Case No. 22-cv-942 (NEB/DJF) |
| Plaintiffs, | |
| v. | **ORDER** |
| Focal Point, LLC, and Legrand North America, LLC, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Continued Sealing ("Sealing Motion") (ECF No. 103) as to Plaintiff's Letter to Magistrate Judge dated August 18, 2023 ("Letter") (ECF No. 78). Plaintiff filed the Letter under temporary seal in connection with its Motion to Amend Complaint and Join an Additional Party ("Motion to Amend") (ECF. No. 68). Plaintiff also filed a public redacted version of the Letter. (ECF No. 79.)

On September 6, 2023, the Court granted Plaintiff's Motion to Amend and filed its Order under temporary seal ("September 6, 2023 Order") (ECF No. 82), observing that permanent sealing of its Order hinged on whether it was appropriate to keep Plaintiff's letter under seal (*id.* at 1 n.1). The parties state that the redacted portions of the Letter should remain sealed because they contain "information derived from documents designated as confidential by a nonparty and [Defendant]." (ECF No. 103 at 1.)

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the legitimate interests of maintaining

confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir.1995)). Non-dispositive motions generally are afforded a lower or weaker presumption of public access than proceedings in which a district judge exercises Article III power to determine the merits of a case. *See Willis Electric Co., Ltd. v. Polygroup Limited (Macao Commercial Offshore) et al.,* 15-cv-3443 (WMW-KMM), 2019 WL 2574979, *1 (D. Minn. June 24, 2019) (quoting *Krueger v. Ameriprise Fin., Inc.,* No. 11-cv2781 (SRN/JSM), 2014 WL 12597948, at *8 (D. Minn. Oct. 14, 2014)).

The parties ask the Court to permanently seal the Letter because it contains information designated as "confidential." A party's designation of a document as "confidential" in discovery is not dispositive of whether it should be sealed upon filing in the Court's docket, which is presumptively open to the public. The Court accordingly rejects the parties' proffered rationale for sealing the Letter. But having carefully reviewed the Letter and the Court's September 6, 2023 Order, which cites heavily from the Letter, the Court finds that each document refers to sensitive and confidential business information that the parties and third parties have legitimate interests in protecting.

The Court further finds these interests are not outweighed by the public's interest in accessing the information. The key question the undersigned evaluated when applying the contents of the Letter to the decision to grant Plaintiff's Motion to Amend was whether Plaintiff had met the legal standard for amendment of the pleadings under Fed. R. Civ. P. 15(a)(2) by demonstrating that it had acquired new information in the course of discovery supporting its new claims. In conducting this analysis, the undersigned exercised traditional authority granted to U.S. Magistrate Judges to

decide pretrial, non-dispositive matters in managing the Court's docket. The presumption of public access related to this analysis is not entitled to the same weight that an exercise of Article III judicial power would be given, but rather, that given to non-merits-based motions. *Willis v. Elect. Co., Ltd*. 2019 WL at *1.

Moreover, the time for Defendant to object to the Court's Order on Plaintiff's Motion to Amend has now expired. (*See* Fed. R. Civ. P. 72, allowing 14 days to object to a Magistrate Judge's non-dispositive pretrial order.) It is thus unlikely that either the Letter or the Court's September 6, 2023 Order will play any role in role in the District Judge's exercise of her Article III judicial power.

The Court concludes for these reasons that the parties' legitimate interests in maintaining confidentiality in the Letter outweighs the public interest in unsealing it. *See, e.g., Schwendimann v. Arkwright Advanced Coating, Inc.,* Civ. No. 11-820 (JRT/HB), 2018 WL 2230920, *1 (D. Minn. May 16, 2018) (sealing under LR 5.6 documents "contain[ing] information about [Plaintiff's] financials"). For the same reasons, the Court concludes those portions of the Court's Order on Plaintiff's Motion to Amend that cite to the contents of the Letter also should remain under seal. The Court will unseal the remainder of its Order, however, since there does not appear to be any countervailing interest in protecting that information.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Continued Sealing (ECF No. [103]) is **GRANTED.** The Clerk is directed to keep ECF Nos. [78] and [82] under seal. The Court will file a redacted version of its September 6, 2023 Order (ECF No. [82]) on the public docket.

Dated:  September 28, 2023              *s/ Dulce J. Foster*
                                                  DULCE J. FOSTER
                                                  United States Magistrate Judge