UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

R. L. Mlazgar Associates, Inc.,

      Plaintiff,

v.

Focal Point L.L.C., Legrand North America L.L.C., and Legrand Holding, Inc.,

      Defendants.

Civ. No. 22-cv-942 (NEB/DJF)

**ORDER**

Applying the principle of proportionality set forth in Fed. R. Civ. P. 26, and consistent with the Court's rulings from the bench at the March 19, 2024 motion hearing (ECF No. 197), Plaintiff's Motion to Compel (ECF No. 185) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's request for an order requiring Defendants to conduct email searches unlimited by any search term is **DENIED**. This request seeks irrelevant information and is disproportional to the needs of the case.

2. Plaintiff's request for production of the four construction files attached to the emails Defendants previously produced is **GRANTED**. Defendants must produce the attachments by **March 29, 2024**.

3. Plaintiff's request for a document production deadline is **GRANTED IN PART**. Defendants state that they are in the process of reviewing over 48,000 separate documents collected through email searches for external communications related to the claims asserted in this case. Defendants shall have until **May 20, 2024** to complete the production of any relevant, non-privileged documents identified through this review. The documents shall be produced on a rolling basis with the first production due by **March 29, 2024**.

4. For good cause shown, and to facilitate depositions following the substantial completion of document discovery, the Court extends the active pretrial deadlines as follows:

    a) Deposition discovery shall be completed by **August 19, 2024**. The current **May 29, 2024** fact discovery deadline remains in full force and effect with respect to all other fact discovery.

    b) The deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6) shall be **July 19, 2024**.

c) Non-dispositive motions related to deposition discovery shall be due **August 19, 2024**. All other non-dispositive motions related to fact discovery shall be filed and served by **May 29, 2024**.

d) The deadline to disclose the identity of initial experts and to serve initial expert reports shall be **September 9, 2024**.

e) The deadline to disclose the identity of rebuttal experts and to serve rebuttal expert reports shall be **October 24, 2024**;

f) Expert discovery shall be completed by **December 8, 2024**;

g) Non-dispositive motions related to expert discovery shall be filed and served by **December 8, 2024**;

h) Dispositive motions shall be filed and served by **January 9, 2025**;

i) This matter shall be ready for trial by **May 9, 2025**.

5. Plaintiff's various requests for documents dated before 10/15/20 or after 12/29/22 are **DENIED**, consistent with the Court's previous rulings that discovery shall be limited to the period from 10/15/20 to 12/29/22. (*See, e.g.*, ECF No. 47.) However, Defendants shall review their previous productions and, to the extent they have withheld any otherwise producible documents dated within that timeframe, including any email communications identifiable using the custodians and search terms previously applied, Defendants shall supplement their production by **May 29, 2024**.

6. The scope of discovery is limited geographically to Plaintiff's sales territory. Plaintiff's requests for production of documents associated with other geographic areas is **DENIED** as disproportionate to the needs of this case.

7. Plaintiff's various requests for documents related to Legrand brands other than Focal Point are **DENIED** as disproportionate to the needs of this case.

8. Plaintiff's request for the 2015 Elan Lighting Commission Report is **DENIED**. The report falls outside the timeframe of the Court's established discovery limits, and the Court finds compelling Defendants' argument that the report would be overly burdensome to produce due to changes in the applicable software.

9. Plaintiffs' motion to compel discovery responses from Legrand Holding, Inc. is **DENIED** because Legrand Holding, Inc. states that it has responded to Plaintiff's requests, and there is no indication in the record that Plaintiff met and conferred with Legrand Holding, Inc. regarding any alleged deficiencies with respect to its responses.

10. Plaintiff's request for an order compelling Defendant Focal Point to define the term

"end user consumer" is **DENIED**. Focal Point's response—that this term is specifically defined by the applicable agreement and that Plaintiff's demand for further response calls for a legal conclusion—is sufficient.

11. Plaintiff's demand that Focal Point otherwise supplement its discovery responses with respect to Focal Point's counterclaims is **DENIED**. Plaintiff has not clearly identified specific deficiencies in Focal Point's previous responses that should be addressed. Moreover, Focal Point has explained its theory of liability (continued use of Focal Point's registered marks on Plaintiff's line card after the termination of the parties' business relationship). To the extent Focal Point fails to produce sufficient documents or witnesses in discovery to support its counterclaims, Plaintiff may move to dismiss those counterclaims on a motion for summary judgment.

12. Plaintiff's demand that Focal Point otherwise supplement its responses to interrogatories is **DENIED**. Focal Point may direct Plaintiff to its document production in response to Plaintiff's interrogatories.

13. Plaintiff's Motion to Compel (ECF No. 185) is **DENIED** in all other respects on grounds that Plaintiff has failed to establish that: (1) Defendants' responses are deficient; (2) Plaintiff has met and conferred with Defendants in a **sincere**, good faith effort to resolve its dispute as to any alleged deficiency; and (3) its demands are relevant and proportional to the needs of this case.

14. Defendants' request for attorneys' fees is **GRANTED IN PART**. Plaintiff's motion: (1) demands documents and information that Defendants already produced or previously informed Plaintiff they are in the process of producing; (2) seeks grossly disproportionate and irrelevant email communications unlimited by search terms; (3) seeks documents from time periods the Court has previously ruled, on multiple occasions, are outside the scope of discovery; and (4) reflects a lack of willingness to negotiate with Defendants in good faith. Pursuant to Fed. R. Civ. P. 33(5)(b) and finding much of Plaintiff's Motion to Compel Discovery (ECF No. 185) is not substantially justified, the Court orders Plaintiff to pay 10% of Defendants' attorney fees and costs incurred in responding to the motion. Plaintiff must also pay all reasonable costs incurred by Defendants' representative in traveling to Minnesota to attend the motion hearing. Defendants shall file an affidavit detailing these costs and fees by **April 2, 2024**.

**IT IS SO ORDERED.**

Dated:  March 20, 2024                    *s/ Dulce J. Foster*
                                          DULCE J. FOSTER
                                          United States Magistrate Judge