UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| R. L. Mlazgar Associates, Inc., | Case No. 22-cv-942 (NEB/DJF) |
| Plaintiffs, | |
| v. | **ORDER** |
| Focal Point, LLC, and Legrand North America, LLC, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Continued Sealing ("Sealing Motion") (ECF No. 224) regarding Plaintiff's Objections to Magistrate Judge's Amended Order on Plaintiff's Motion to Compel ("Objections") (ECF No. 201). Plaintiff filed the Objections under temporary seal and simultaneously filed a public redacted version of the document. (ECF No. 203.) The parties state that the redacted portions of the Objections should remain sealed because they contain "information derived from documents designated as confidential by a nonparty and Plaintiff." (ECF No. 224 at 1.)

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the moving party's legitimate interests in maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d

Cir.1995)).  Non-dispositive motions generally are afforded a lower or weaker presumption of public access than proceedings in which a district judge exercises Article III power to determine the merits of a case.  *See Willis Electric Co., Ltd. v. Polygroup Limited (Macao Commercial Offshore) et al.,* 15-cv-3443 (WMW-KMM), 2019 WL 2574979, *1 (D. Minn. June 24, 2019) (quoting *Krueger v. Ameriprise Fin., Inc.,* No. 11-cv2781 (SRN/JSM), 2014 WL 12597948, at *8 (D. Minn. Oct. 14, 2014)).

The parties ask the Court to permanently seal the redacted portions of the Objections because they contain information designated as "confidential."  As the Court explained in an Order addressing the parties' previous request to permanently seal documents (ECF No. 104), a party's mere designation of a document as "confidential" in discovery is not dispositive of whether it should be sealed upon filing in the Court's docket, which is presumptively open to the public.  The Court accordingly rejects the parties' proffered rationale for sealing the redacted portions of the Objections.  But having carefully reviewed the redacted portions of the Objections, the Court finds they refer to sensitive and confidential business information that the parties and third parties have legitimate interests in protecting.

The Court further finds these interests are not outweighed by the public's interest in accessing the information.  Although District Judge Nancy E. Brasel exercised Article III judicial power in reviewing the Magistrate Judge's decision, it was not to decide a dispositive issue in the case.  As such, the presumption of public access related to this analysis is not entitled to the same weight that an exercise of Article III judicial power related to a merits-based motion would be given. *Willis v. Elect. Co., Ltd*. 2019 WL at *1.

The Court concludes for these reasons that the parties' legitimate interests in maintaining confidentiality in the redacted portions of the Objections outweighs the public's interest in unsealing

them.  *See, e.g., Schwendimann v. Arkwright Advanced Coating, Inc.,* Civ. No. 11-820 (JRT/HB), 2018 WL 2230920, *1 (D. Minn. May 16, 2018) (sealing under LR 5.6 documents "contain[ing] information about [Plaintiff's] financials").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Continued Sealing (ECF No. [224]) is **GRANTED.**  The Clerk is directed to keep ECF No. [201] under seal.

Dated:  June 20, 2024           *s/ Dulce J. Foster*
                                DULCE J. FOSTER
                                United States Magistrate Judge

3