# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| R. L. Mlazgar Associates, Inc., | Case No. 22-cv-942 (NEB/DJF) |
| Plaintiffs, | |
| v. | **AMENDED ORDER**[1] |
| Focal Point, LLC, Legrand North America LLC, and Legrand Holding, Inc., | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Continued Sealing ("Sealing Motion") (ECF No. 283) as to Plaintiff's Memorandum in Response to Defendants' Motion for a Protective Order to Preclude the Deposition of Hoyt Webb ("Response") (ECF No. 246) and various related exhibits ("Exhibits") (ECF Nos. 247-6, 247-7, 247-8, 247-14, 247-15).  Plaintiff filed the Response and Exhibits under temporary seal and simultaneously filed a public redacted version of each document.  (ECF Nos. 248, 249-11, 249-12, 249-13, 249-14, 249-15.)

The parties agree that the redacted portions of the Response should remain sealed because it contains references to the Exhibits and "deposition transcripts designated as confidential by Defendants."  (ECF No. 283 at 2-3.)  They further agree that the documents filed at ECF Nos. 247-6, 247-7, and 247-8 should remain sealed because they contain confidential financial information.  (*Id.* at 1-2.)  The parties disagree whether the documents filed at ECF No. 247-14 and 247-15 should remain sealed.  (*Id.* at 2.)  According to the Sealing Motion, the document filed at ECF No. 247-15 is an "email designated as attorney-client privileged" and the document filed at ECF No. 247-14 is a deposition excerpt that discusses the "email designated as attorney-client

---

[1] This Amendment adds that the unredacted version of Plaintiff's Memorandum in Response to Defendants' Motion for a Protective Order to Preclude the Deposition of Hoyt Webb (ECF No.

privileged". The email filed at document 247-15 references an "attached contract" but the contract is not included as part of the document. (*See* 247-15.)

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the moving party's legitimate interests in maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir.1995)). Non-dispositive motions generally are afforded a lower or weaker presumption of public access than proceedings in which a district judge exercises Article III power to determine the merits of a case. *See Willis Electric Co., Ltd. v. Polygroup Limited (Macao Commercial Offshore) et al.* 15-cv-3443 (WMW-KMM), 2019 WL 2574979, *1 (D. Minn. June 24, 2019) (quoting *Krueger v. Ameriprise Fin., Inc.,* No. 11-cv2781 (SRN/JSM), 2014 WL 12597948, at *8 (D. Minn. Oct. 14, 2014)).

The parties ask the Court to permanently seal the documents filed at ECF Nos. 247-6, 247-7, and 247-8 because they contain confidential financial information. (*Id.* at 1-2.) The Court agrees that continued sealing of these documents is appropriate because the parties have a legitimate interest in protecting the information that is not outweighed by the public's right to access. *See, e.g*, *Schwendimann v. Arkwright Advanced Coating, Inc.,* Civ. No. 11-820 (JRT/HB), 2018 WL2230920,

246) shall remain sealed.

*1 (D. Minn. May 16, 2018) (sealing under LR 5.6 documents "contain[ing] information about [Plaintiff's] financials"); *see also IDT Corp.*, 709 F.3d at 1221 (finding sensitive business information subject to continued sealing).

The Court further agrees the documents filed at ECF Nos. 247-14 and 247-15 warrant continued sealing based on Defendants' claim that they are attorney-client privileged. The email is a communication regarding a legal issue among Defendants' executives and Mr. Webb, Defendant Legrand Holding, Inc.'s General Counsel, and the deposition transcript reflects testimony related to the email. The email thus appears to be privileged on its face. But the email is the subject of an apparently continuing dispute about whether Defendants waived attorney-client privilege by disclosing the email in discovery, or whether—as Defendants contend—no waiver occurred because the disclosure was inadvertent and Defendants appropriately attempted to claw it back. (*See, e.g.,* ECF No. 282 at 8-14.) As the Court stated previously on the record during the hearing on Defendants' motion to preclude Mr. Webb's deposition, this issue has not been briefed sufficiently for the Court to decide the ultimate question of whether Defendants waived privilege with respect to the email at issue or not. (*See, e.g.,* ECF No. 282 at 42-43.) However, the Court finds Defendants have provided sufficient justification for continuing to seal these documents at this time, particularly in light of the weaker presumption of public access applicable to materials filed in support of non-dispositive motions. If the Court were to find later that a privilege waiver occurred, such that the documents filed at Nos. 247-14 and 247-15 are not subject to the attorney-client privilege, then either party may move to unseal the documents at that time.

Because the Court finds sufficient justification to seal the exhibits cited in Plaintiff's Response, the Court also finds it appropriate to keep the redacted portions of the Response sealed as well.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Continued Sealing (ECF No. 283) is **GRANTED** and the Clerk of Court is directed to keep the documents filed at ECF Nos. 246, 247-6, 247-7, 247-8, 247-14 and 247-15 under seal.

Dated:  October 24, 2024                                 *s/ Dulce J. Foster*
                                                   DULCE J. FOSTER
                                                   United States Magistrate Judge