UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

R. L. Mlazgar Associates, Inc.,                                    Civ. No. 22-cv-942 (NEB/DJF)

        Plaintiff,

v.                                                                                      **ORDER**

Focal Point L.L.C., Legrand North America
L.L.C., and Legrand Holding, Inc.,

        Defendants.

    This matter is before the Court on Plaintiff's Motion to Compel Discovery, for Leave to Reconvene Depositions, and for Judicial Determination as to Claim of Privilege ("Motion") (ECF No. 291).  To observe that the parties have over-litigated this case is a vast understatement.  The Court's efforts to contain parties' uniquely aggressive pretrial tactics—including: directives to the parties to meet and confer in a **_sincere good faith_** effort to resolve their pretrial disputes; in-chambers discussion with counsel on the need to meet and confer and avoid practices that unnecessarily increase costs and delay (*see* Fed. R. Civ. P. 11); the imposition of monetary penalties for bringing substantially unjustified motions (*see* ECF Nos. 199, 207); the addition of a special requirement in this case that all pretrial hearings must be attended in person by a party representative so the litigants can see for themselves how much of time and effort their attorneys are wasting (*see, e.g.,* ECF Nos. 146, 264); and the imposition of strict discovery deadlines—have all come to naught.  By the Court's estimate, the parties have requested pretrial non-dispositive relief over thirteen times in a span of two years and requested delays to the Court's original pretrial schedule of close to a year and a half (*see* ECF No. 34, setting an original fact discovery deadline of May 19, 2023).  And yet here we are again.  In bringing the Motion, Plaintiff seeks forms of relief that directly defy the

Court's directives by demanding yet another opportunity to conduct new document discovery after all applicable deadlines are decidedly and firmly closed. Defendants, for their part, have failed to produce documents that they agreed to produce months ago in response to a Court order. The Court grants the Motion in part and denies it in part for these reasons, as explained further below.

I.   **Background**

Plaintiff filed the Motion on October 31, 2024. It did so notwithstanding the fact that the deadline to file motions related to fact discovery, other than depositions, was June 20, 2024. (ECF No. 220.)

The entire history of the parties' pretrial disputes extends back for close to two years (*see* ECF No. 35), but the more recent history is relevant here. On March 5, 2024, Plaintiff filed a motion to compel discovery, including a request for complete discovery responses and document production by a date certain. (ECF No. 185.) At that time, Defendants stated that after searching for documents with agreed-upon search terms, they were in the process of reviewing more than 48,000 documents. (*See* ECF No. 194 at 16-17.) On March 20, 2024, the Court ordered Defendants to complete the production of any relevant, non-privileged documents identified in their review by May 20, 2024 ("March 20, 2024 Order"). (ECF No. 199 ¶ 3.)

Just before the June 20, 2024 discovery deadline, the parties notified the Court of various discovery disputes—including Defendants' production of documents with contested redactions—and on June 26, 2024, the Court held a status conference to discuss the disputes. (ECF No. 227.) At that time, Plaintiff did not raise any other dispute related to the May 20, 2024 document production deadline, and did not suggest that the search terms Defendants used to generate those documents was inappropriate. (*See id.*, minutes documenting discovery disputes.) The Court directed the parties to further meet and confer on the disputed issues before filing any motion and advised that "the parties

2

[were] prohibited from raising, in connection with any such motion, any issues they failed to raise during the status conference." (*Id.*)  No party filed a motion.  According to Defendants, following the status conference, the parties agreed that Defendants would remove the contested redactions, "other than those pertaining to account numbers, information outside the geographical territory, or privilege" ("June Agreement" (ECF No. 298 at 2).  These documents included the 106 documents at issue in the Motion before the Court.  Defendants now state they are "currently reviewing these 106 documents." (*Id.*)

On July 24, 2024, the Court found good cause to extend the deadlines for completion of depositions and non-dispositive motions related to deposition discovery *only* to October 31, 2024 (ECF No. 237).  The Court simultaneously advised, "[t]hough this Order extends the deposition deadline to accommodate witness scheduling conflicts, it will not do so again absent proof of extraordinary circumstances proffered at an in-person hearing.  New information learned in the course of deposition discovery will not constitute grounds for extending any expert discovery deadlines or the dispositive motion deadline." (*Id.*)

On August 29, 2024, Defendants filed a motion for a protective order to preclude the deposition of Defendant Legrand Holding Inc.'s general counsel on issues concerning corporate structuring, interrogatory verifications, and an email ("Contested Email") (ECF No. 247-15) that Defendants argued was privileged (ECF No. 240); and on September 5, 2024, Plaintiff file a motion for a protective order regarding the scope of Defendants' proposed deposition under Federal Rule of Civil Procedure 30(b)(6).  (ECF No. 252.)  The Court held a hearing on both motions on September 26, 2024 (ECF No. 279).  Ruling from the bench, the Court granted Defendants' motion and granted in part and denied in part Plaintiff's motion. (*Id.*)  With respect to the Contested Email, the Court noted that the Contested Email appears to be privileged on its face, cited the parties'

3

failure to meet and confer on the issue and found that "it was not clear from the record that there was any privilege waiver related to the email." The Court therefore precluded its use in the proposed deposition. (*Id.* at 2.)

On October 30, 2024, the eve of the deadline to complete depositions and related non-dispositive motions, Plaintiff called the Court seeking permission to file three contested discovery motions. On the same day, Defendants filed a letter seeking to extend the deadline to file a non-dispositive motion related to deposition discovery. (ECF No. 287.) On October 31, 2024, the Court held a status conference during which it denied any request to further extend the non-dispositive motions deadline. (ECF No. 290.) Noting the "multiple delays and the extraordinary amount of Court's resources the parties have consumed in this case—including at least 13 requests to bring pre-trial motions—and the potential for anticipated motions to further delay the pretrial schedule" the Court further imposed strict page and time limits on any motions filed.[1] (*Id.*) Plaintiff filed its Motion (ECF No. 291) later that day, and Defendants responded on November 4, 2024. (ECF No. 298.) Both parties request attorney fees. (*See* ECF No. 291 at 10; ECF No. 297 at 1.)

## II. Legal Standard

Federal Rule of Civil Procedure 26 governs discovery in federal court, allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

---

[1] Plaintiff complied with the Court's page limit, but in a footnote requests permission to file its original "fully briefed" version of each motion "for the limited purpose of preserving its right to appeal." (ECF No. 291 at 2 n.2.) Plaintiff further requests to "supplement the record" with exhibits it believes the Court requires to rule on the Motion currently before it. (*Id.* at 2 n.2.) But the Court does not need additional briefing to determine that—with the exception of the 106 Defendants previously agreed to produce—Plaintiff's discovery requests are patently untimely. Moreover, Plaintiff's briefing request amounts to an improper demand for reconsideration of the Court's previous order (ECF No. 290). *See* D. Minn. L.R. 7.1(j). Furthermore, Plaintiff does not need additional briefing to preserve its right to appeal. If Plaintiff seeks to brief these issues on appeal to the District Judge, it may do so. *See* D. Minn. L.R. 72.2. The Court therefore denies Plaintiff's requests to file additional briefing or any related exhibits or attachments.

and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While Rule 26 contemplates liberal disclosure, discovery is not unlimited. *See, e.g.*, *Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605, 607 (D.D.C. 1969) ("Modern civil procedure in the Federal courts contemplates liberal disclosure … Nevertheless, discovery is not unbridled and not unlimited."). When adjudicating a motion to compel, courts consider "the importance of the information, issues of access, and the balance between the burden of production and expense and the benefit of the information." *Amador v. U.S. Bank Nat'l Ass'n*, No. 16-CV-600 (SRN/HB), 2017 WL 5151680, at *5 (D. Minn. Nov. 6, 2017). Therefore, a court may deny a motion to compel production of relevant discovery if the information is not proportional to the needs of the case. *See, e.g.*, *Klein v. Affiliated Group, Inc.*, No. 18-CV-949 (DWF/ECW), 2019 WL 1307884, at *8 (D. Minn. Mar. 22, 2019).

    A trial court generally has broad discretion in adjudicating motions to compel, "and it is no abuse of discretion to deny a discovery request that is untimely." *Bredemus v. International Paper Co.*, 252 F.R.D. 529, 534 (D. Minn. 2008). Parties to a dispute have a duty to diligently seek discovery in the case. *See Stai v. Deshane*, No. 14-CV-4152 (RHK/LIB), 2016 WL 11031224, at *4-5 (D. Minn. Jan. 22, 2016). If, after good faith efforts, the parties are unable to resolve discovery disputes among themselves, they should bring those disputes to the Court's attention in a timely fashion. Timeliness is not simply measured by technical compliance with scheduling deadlines. Parties should not engage in "deadline brinkmanship." *See Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F.Supp.2d 1040, 1044 (S.D. Iowa 2010) ("Deadlines do not grant the parties carte blanche rights to demand sizeable discovery requests up to the last possible minute.") Rather, a party seeking to compel discovery should file a motion with due regard to the relative importance of the information, the time required to resolve the dispute, and the possible impact on the case schedule. *See Bredemus*, 252 F.R.D. at 534 (holding motion to compel as untimely even

5

though it was filed before the motions deadline when Plaintiffs failed to take curative actions for five months and filed the motion to compel two months after the close of discovery, and because granting the motion would likely require modification of the case schedule); *see also Stai*, 2016 WL 11031224, at *4 (holding motion to compel as untimely even though it was filed before the motions deadline when Plaintiffs failed to take curative action for six months and filed the motion to compel two weeks after the close of discovery).

### III. Plaintiff's Motion

Plaintiff's Motion seeks various forms of discovery. (*See generally* ECF No. 291.) Specifically, Plaintiff asks the Court: (1) to compel Defendant Legrand to produce withheld redacted documents; (2) to compel Defendants Focal Point and Legrand to conduct a keyword search of the documents the Court identified in its March 20, 2024 Order in order to comply "with a narrow range of its April 2024 discovery requests"; (3) to find that the Contested Email is not privileged, or that privilege has been waived; and (4) for leave to reconvene depositions based on the Contested Email and Defendants' untimely document production. (*Id.* at 1-9.)

### IV. Analysis

#### A. Withheld Documents

Plaintiff seeks 106 documents in unredacted form (ECF No. 291 at 1), which Plaintiff claims "Defendants have withheld since May of 2024" (*id.* at 2). Defendants object to Plaintiff's Motion in whole (*see* ECF No. 298), but also state that they are "currently reviewing these 106 documents." Defendants attempt to explain their late production by citing their June Agreement to remove certain redactions, but that explanation is unacceptable. On March 20, 2024, the Court ordered Defendants to produce "any relevant, non-privileged documents identified in their review by **May 20, 2024**" (ECF No. 199 ¶ 3, emphasis added). Defendants have proffered no explanation for their failure to

6

produce these documents. Even allowing some additional time to produce the documents in unredacted form, it is long past the production deadline that the Court previously imposed. The Court therefore Orders Defendants to produce the 106 documents at issue with redactions consistent with the parties' prior agreement. They must produce the documents no later than **November 26, 2024**, or file a letter showing cause for their inability to meet that deadline. While the Court declines to issue sanctions at this time, it cautions that failure to comply with this Order may result in sanctions in the future. Fed. R. Civ. P. 37(b)(2).

## B. Keyword Search

Plaintiff also asks the Court to compel Defendants "to conduct a search of the documents already collected by Defendants and identified in the Court's March 20, 2024 Order" using twenty different search terms. (ECF No. 291 at 3.) Plaintiff claims the search is necessary to comply with "a narrow range of its April 2024 discovery requests", directly relevant to its tortious interference and aiding and abetting claims, and proportional to the needs of the case. (*Id.* at 4.)

Defendants argue the request is untimely because the deadline to file motions related to fact discovery—other than discovery related to depositions—was in June 2024. (ECF No. 298 at 2.) And while the Court extended the deadline for issues raised during the status conference it held on June 26, 2024, Plaintiff did not raise this issue at that time. (*Id.*)

The Court agrees with Defendants that this request is untimely. Fact discovery and any related non-dispositive motion—other than discovery related to depositions—closed on June 20, 2024. (ECF No. 220.) Plaintiff's Motion therefore seeks not only to extend the fact discovery deadline four months after it expired, but to retroactively extend the Court's non-dispositive motions deadline related to such discovery. A movant's diligence in attempting to meet the scheduling order's deadlines is the primary measure of good cause to extend the pretrial schedule

7

pursuant to Rule 16(b) of the Federal Rules of Civil Procedure after the deadlines have expired. *See Davis v. Experian Information Solutions, Inc.*, 2022 WL 4343233 at *1, Civ. No. 21-01287 (PJS/DJF) (D. Minn. Sept. 19, 2022); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008).

Plaintiff clearly states that the request pertains to its "April 2024 discovery requests" (ECF No. 291 at 4). But Plaintiff failed to raise the issue at the status conference the Court held on June 26 2024, or anytime after … until the eve of the deadline related to *deposition* discovery *only*. (*See* ECF No. 227, June 26, 2024 discovery disputes not including this issue.) It failed to do so notwithstanding the Court's repeated warnings that "additional extensions are unlikely to be granted" and that extensions to the schedule would not be granted "absent extraordinary circumstances." (ECF No. 220, 237.) Plaintiff has identified no reason why it could not have raised this issue within the established deadlines. Plaintiff had multiple opportunities to bring this issue to the Court's attention, not only before the deadline expired, but afterwards. (*See* ECF Nos. 227, 279.) Instead, Plaintiff waited over four months after the applicable discovery deadline expired to raise it. Plaintiff's last-ditch effort to raise this dispute is thus untimely, not only because it is months after the deadline the Court established in its Pretrial Scheduling Order (ECF No. 220), but also because Plaintiff failed to purse the discovery it seeks in a diligent matter, *Stai*, No. 2016 WL 11031224, at *4-5. The Court thus denies Plaintiff's untimely request for an order compelling Defendants to conduct additional document searches.

### C. Contested Email

Plaintiff next asks the Court to "enter an order" finding that the Contested Email is not a "privileged attorney-client communication", or to find that Defendants waived any such privilege and apply that waiver to all communications involving the same subject matter. (ECF No. 291

8

at 5-8.) Plaintiff's arguments largely reiterate those it raised in its opposition to the Defendants' motion for a protective order to preclude the deposition of Defendant Legrand Holding Inc.'s general counsel (*see* ECF No. 246 at 12-15), and related hearing on September 26, 2024 (*see* ECF No. 282 at 26-31, hearing transcript).

The Court previously found that "it was not clear from the record that there was any privilege waiver related to the [Contested Email]." (ECF No. 279 at 2; *see also* ECF No. 282 at 41-42.) Plaintiff's recycled argument does not alter the Court's earlier finding. Further, during the status conference on October 31, 2024, Plaintiff stated it requested a ruling from the Court because it sought to re-depose two individuals to discuss its contents. Because the deadline to conduct depositions has passed and the Court finds no basis to further extend it—as discussed below—the privilege issue is moot.

### D.     Depositions

Finally, Plaintiff asks the Court to reconvene depositions "[b]ased on the privilege issue … to discuss communications related to the [Contested Email]" with two deponents, and because of Defendants' "untimely document production." (ECF No. 291 at 8-9.) On July 24, 2024, when the Court extended the deadlines for completion of depositions and related non-dispositive motions to October 31, 2024, it cautioned that it was unlikely to do so again "absent proof of extraordinary circumstances at an in-person hearing" and that "[n]ew information learned in the course of deposition discovery" would not constitute a basis to extend deadlines. (ECF No. 237.) While Plaintiff is entitled to obtain relevant, nonprivileged discovery proportional to the needs of the case, Fed. R. Civ. P. 26(b)(1), such discovery is not "unbridled" or "unlimited". *Hecht*, 46 F.R.D. at 607. As the Court noted during the status conference on October 31, 2024, it has already granted numerous extensions to its Pre-Trial Scheduling Order (*see, e.g.* ECF Nos. 34, 59, 64, 109, 140, 214,

217, 237), and was very clear when it granted the final extension that it would not do so again absent extraordinary circumstances (ECF No. 237).  Plaintiff's failure to fully raise its concerns regarding document discovery before that discovery period closed, and before it took the relevant depositions the first time, does not constitute extraordinary circumstances.  Plaintiff has not met its burden to establish extraordinary circumstances warranting yet another extension.  Certainly, any party would prefer *perfect* discovery, but there is no such thing; Plaintiff is not entitled to indefinite discovery, and the generously extended time-period to obtain it in this case has now closed.  The Court thus concludes that the additional depositions Plaintiff seeks are not proportional to the needs of this case.  Court therefore denies Plaintiff's request to reconvene depositions.

### E. Attorney Fees

Because the Court grants in part and denies in part Plaintiff's Motion, the Court declines to award attorney fees to either party.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Compel Discovery, for Leave to Reconvene Depositions, and for Judicial Determination as to Claim of Privilege (ECF No. 291) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants shall either: (1) produce the 106 documents it agrees are still under review for redactions by **November 26, 2024**; or (2) file a letter showing cause for their inability to meet that deadline;

2. Plaintiff's Motion (ECF No. 291) is **DENIED** in all other respects; and

3. Each party shall bear its own costs and fees.

Dated: November 12, 2024                    *s/ Dulce J. Foster*
                                            DULCE J. FOSTER
                                            United States Magistrate Judge